UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PIERCE and PATRICK GOULD, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSETTA STONE, LTD., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: C 11-01283 SBA<br><br>**ORDER DENYING AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Docket 27 |

The parties are presently before the Court on Plaintiffs Michael Pierce and Patrick Gould's (collectively, "Plaintiffs") amended motion for preliminary approval of class action settlement, which seeks, *inter alia*, preliminary approval of the Amended Settlement Agreement, conditional certification of two settlement classes, and approval of two notice and two claim forms. Dkt. 27. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiffs' motion without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

This is a wage and hour hybrid state law class action under Rule 23 of the Federal Rules of Civil Procedure and federal law collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, brought on behalf of individuals who were employed as salaried managers by Defendant Rosetta Stone, LTD. ("Defendant"). Second Amended Complaint ("SAC") ¶ 1, Dkt. 1, Exh. R.

On April 27, 2010, Plaintiffs filed the instant action in the Superior Court of California, County of Alameda, against Defendant alleging violations of various provisions of California's Labor Code and a violation of California's Unfair Competition Law ("UCL").  Compl., Dkt. 1, Exh. A.  On May 25, 2010, a first amended complaint ("FAC") was filed.  FAC, Dkt. 1, Exh. E.  Plaintiffs filed a SAC on February 18, 2011, which added a federal claim for unlawful failure to page wages in violation of the FLSA.  See SAC.  On March 16, 2011, the action was removed to this Court on the basis of federal question jurisdiction.  Notice of Removal, Dkt. 1.

The SAC alleges six claims for relief: (1) unlawful failure to pay overtime wages in violation of IWC Wage Order 7 and California Labor Code §§ 510, 1194, and 1198; (2) failure to provide meal and rest periods in violation of California Labor Code §§ 226.6, 512; (3) failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226, 1174; (4) failure to pay wages on termination in violation of California Labor Code § 203; (5) unfair business practices in violation of the UCL; and (6) unlawful failure to pay wages in violation of the FLSA.  See SAC.

The SAC alleges that Defendant has had a consistent policy of: (1) permitting, encouraging and/or requiring its overtime-exempt salaried managers to work in excess of 8 hours per day and in excess of 40 hours per week without paying them overtime compensation in violation of the FLSA and California's wage and hour laws; (2) unlawfully failing to provide Plaintiffs and the "California Class" members statutorily-mandated meal and rest periods; (3) willfully failing to provide Plaintiffs and the "California Class" members with accurate semi-monthly itemized wage statements reflecting the total number of hours worked, the applicable deductions, and the applicable hourly rates in effect during any pay period; and (4) willfully failing to pay compensation (including unpaid overtime) in a prompt and timely manner to certain "California Class" members whose employment with Defendant was terminated.  SAC ¶¶ 4-5.

On December 27, 2011, the parties agreed to settle this matter following two private mediation sessions.  Pls.' Am. Mtn. for Preliminary Approval ("Pls.' Am. Mtn.") at 5, Dkt.

27. On that same day, Plaintiffs filed a motion for preliminary approval of class action settlement. Dkt. 23. On January 31, 2012, a hearing was held on Plaintiffs' motion. Dkt. 25. At the hearing, the Court indicated that it would not grant Plaintiffs' motion based on numerous deficiencies contained in the briefing. On February 21, 2012, Plaintiffs filed the instant amended motion for preliminary approval of class action settlement, which, *inter alia*, seeks preliminary approval of the Amended Settlement Agreement, conditional certification of two settlement classes, and approval of two notice and two claim forms. Pls.' Am. Mtn. at 2.

The settlement encompasses all claims asserted by the Plaintiffs on behalf of both the "California Class" and the "FLSA Class." Am. Settlement Agreement ¶ 43, Dkt. 27-1. The proposed settlement classes are defined as follows:

> The California Class shall consist of all persons employed as exempt Store Managers by Defendant, in one or more of Rosetta Stone's California retail stores during any portion of the period from April 27, 2006 through the date which the Court grants final approval of the Settlement (i.e., the 'Settlement Period'). Except for periods that such persons held the designated positions, the California Class shall not include any person holding any other position not expressly included in the definition of the California Class in this Agreement.
>
> The FLSA Class shall consist of all persons employed as exempt Store Managers by Defendant, in one or more of Rosetta Stone's retail stores located in any portion of the United States during any portion of the period from February 18, 2008 through the date which the Court grants final approval of the Settlement (i.e., the 'Settlement Period'). Except for periods that such persons held the designated positions, the FLSA Class shall not include any person holding any other position not expressly included in the definition of the FLSA Class in this Agreement.

Id. ¶¶ 44-45.

The salient terms of the settlement call for: (1) payment of a non-reversionary settlement amount of $600,000 into a gross settlement fund for the classes; (2) payment of attorneys' fees of $200,000, which represents one-third of the gross settlement fund, plus costs; and (3) an incentive award of $5,000 to each class representative. Am. Settlement Agreement ¶ 43. Defendant has agreed to pay the settlement amount in exchange for the settlement class members releasing Defendant from liability for all claims related to the settlement class members' compensation while employed by Defendant as exempt store

managers during the relevant class periods, which includes, but is not limited to, any claims that were or could have been asserted. Id. ¶¶ 69-70.

Under the terms of the settlement, two-thirds of the net settlement fund[1] will be distributed to California Class members on a pro-rata basis based on the total number of workweeks a class member was employed by Defendant as a salaried manager during the class period, while the remaining one-third will be distributed to the FLSA Class members based on the total number of workweeks a class member was employed by Defendant as a salaried manager during the class period.  Am. Settlement Agreement ¶ 43.  Because all of the California Class members are also potentially members of the FLSA Class, California Class members that opt-in to the FLSA Class will only be compensated from the two-thirds share of the net settlement fund allocated to California Class members to avoid double recovery.  See id.  According to Plaintiffs, the settlement fund is allocated to provide greater compensation to the California Class to "account for the fact that they are provided with greater remedies under California law, including, *inter alia*, a longer statutory period, compensation at 1 ½ times their regular rate of pay for overtime hours worked (as opposed to compensation at ½ times their regular rate of pay under the FLSA), compensation for missed meal and rest breaks, and they were generally classified as exempt employees for a longer period of time."  Pls.' Am. Mtn. at 12.

## II.   DISCUSSION

### A.   Conditional Certification of Settlement Classes

This action involves a hybrid state law class action under Rule 23 and a federal law collective action under the FLSA.  In the instant motion, Plaintiffs seek conditional certification of both a Rule 23 class action and a FLSA collective action.

---

[1] The net settlement fund is defined as "the Gross Fund Value after deduction of Plaintiffs' Attorneys' Fees and Costs, the amount of the Settlement Administration Expenses, and the amount of the Class Representative Service Awards, and is the amount that will be apportioned to Settlement Class Members for Settlement Payments. . . ."  Am. Settlement Agreement ¶ 23.

A "collective action" differs from a class action. McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). "In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt *out of* the suit. By contrast, in a collective action each plaintiff must opt into the suit by 'giv[ing] his consent in writing.' 29 U.S.C. § 216(b). As a result, unlike a class action, only those plaintiffs who expressly join the collective action are bound by its results." Id. (emphasis in original).

As a preliminary matter, the Court notes that a number of courts have refused to allow a Rule 23 class action and a FLSA collective action to proceed simultaneously in the same suit based on three major objections to hybrid actions: (1) allowing a FLSA collective action and Rule 23 class action together would undermine Congress's intent to limit FLSA claims to opt-in actions by binding class members who choose not to opt-in to the FLSA action but do not opt-out of the Rule 23 class to the suit's result on the state law claims; (2) having opt-in and opt-out claims in the same case would be confusing for potential plaintiffs; (3) hybrid actions present jurisdiction concerns about whether a court should retain supplemental jurisdiction if only a few plaintiffs opt-in to the FLSA class, since the state claims would substantially predominate over the FLSA collective action. See Murillo v. Pacific Gas & Elec. Co., 266 F.R.D. 468, 472 (E.D. Cal. 2010) (citing cases). Notwithstanding these concerns, many district courts in the Ninth Circuit, including district courts in the Northern District of California, have allowed an opt-in FLSA collective action and opt-out Rule 23 class action to proceed simultaneously in the same suit. See e.g., id.; Harris v. Vector Marketing Corp., 753 F.Supp.2d 996 (N.D. Cal. 2010) (Chen, J.) Wright v. Linkus Enter., Inc., 259 F.R.D. 468 (E.D. Cal. 2009); Ellison v. Autozone Inc., 2007 WL 2701923 (N.D. Cal. 2007) (Jenkins, J.); Baas v. Dollar Tree Stores, Inc., 2007 WL 2462150 (N.D. Cal. 2007) (White, J.); Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474 (E.D. Cal. 2006); Breeden v. Benchmark Lending Grp., Inc., 229 F.R.D. 623 (N.D. Cal. 2005) (Conti, J.); Tomlinson v. Indymac Bank, F.S.B., 359 F.Supp.2d 898 (C.D. Cal. 2005).

Having considered the concerns that other courts have expressed in allowing a Rule 23 class action and a FLSA collective action to proceed simultaneously in the same suit, the Court concludes that a hybrid action is not inappropriate at this juncture of the litigation. The Court finds that permitting an opt-out Rule 23 class action to proceed in the same case with an opt-in FLSA collective action does not undermine Congress's intent in providing an opt-in class action format under the FLSA. See Murillo, 266 F.R.D. at 472 ("Had Congress believed that allowing a state opt-out action to go forward simultaneously with an opt-in FLSA action would undermine the statute, it would not have expressly indicated that the FLSA does not preempt state labor laws.")[2]; see also Thorpe v. Abbott Laboratories, 534 F.Supp.2d 1120, 1124 (N.D. Cal. 2008) (Whyte, J.); Baas, 2007 WL 2462150, at *4.

As for the concern that having opt-in and opt-out claims in the same case would be confusing for potential plaintiffs, the Court finds that this concern does not warrant denial of preliminary approval of the settlement. The Court finds that any confusion can be ameliorated by a notice form and opt-in and opt-out forms that plainly and clearly inform potential class members of the nature of the hybrid action, the settlement classes and the class claims, the options that are available to class members in connection with the proceeding, and the consequences of opting-in to the FLSA collective action, opting-out of the class action, or doing nothing. Finally, the Court finds that jurisdictional concerns do not warrant denial of preliminary approval of the settlement. Here, because the Rule 23 settlement class potentially consists of approximately 48 members and the FLSA collective action potentially consists of approximately 230 members, the Court finds it unlikely that the state law claims will substantially predominate over the federal claim. However, in the event that a significant portion of the potential FLSA collective action members do not opt-

---

[2] In Murillo, the Court noted that a number of courts have held that the FLSA's opt-in format does not preclude a plaintiff from also bringing state law claims bound by Rule 23's opt-out procedure because of the FLSA's savings clause, which states that nothing in the act "shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [stricter labor laws]." Murillo, 266 F.R.D. at 471-472 (citing cases).

in to the instant action, the Court will reconsider whether the state law claims substantially predominate over the federal claim at the final fairness hearing.

### 1.     Conditional Certification of FLSA Collective Action

#### a.     Whether Potential Collective Action Members are Similarly Situated

Under the FLSA, employers must pay their employees a minimum wage and overtime wages. See 29 U.S.C. §§ 206, 207. If an employer fails to do so, an aggrieved employee may bring a collective action on behalf of "similarly situated" employees based on their employer's alleged violations of the FLSA. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000). Determining whether a collective action is appropriate is within the discretion of the district court. Adams v. Inter–Con Sec. Sys., 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004)). The plaintiff bears the burden of showing that the putative collective action members are "similarly situated." Adams, 242 F.R.D. at 535-536; Leuthold, 224 F.R.D. at 466.

Neither the FLSA nor the Ninth Circuit have defined "similarly situated." Adams, 242 F.R.D. at 536; Leuthold, 224 F.R.D. at 466. However, the majority of courts have adopted a two-step approach for determining whether plaintiffs are "similarly situated." See, e.g., Harris, 716 F.Supp.2d at 837; In re Wells Fargo Home Mortg. Overtime Pay Litigation, 527 F.Supp.2d at 1070; Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102-1103 (10th Cir. 2001); Hipp v. Liberty Nat. Life. Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Mooney v. Aramco Serv. Co., 54 F.3d 1207, 1213-1214 (5th Cir. 1995), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

Under the two-tiered approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action. Adams, 242 F.R.D. at 536. At the first tier, the determination of whether the putative class members will be "similarly situated" is made using a fairly lenient standard, and typically results in conditional certification of a representative class. Id. At the second

1 tier, the party opposing the certification may move to decertify the class once discovery is
2 complete and the case is ready to be tried.  Id.
3       Here, because Plaintiffs move for conditional certification, the question is whether
4 Plaintiffs have demonstrated that the first tier has been met.  At this juncture, district courts
5 have held that conditional certification requires only that " 'plaintiffs make substantial
6 allegations that the putative class members were subject to a single illegal policy, plan or
7 decision.' "  Adams, 242 F.R.D. at 536 (citing Leuthold, 224 F.R.D. at 468).  "Under this
8 lenient standard, 'the plaintiffs must show that there is some factual basis beyond the mere
9 averments in their complaint for the class allegations.' "  Adams, 242 F.R.D. at 536; see
10 also Leuthold, 224 F.R.D. at 468 (at the first tier of the analysis, courts usually rely only on
11 the pleadings and any affidavits that have been submitted).  "All that need be shown by the
12 plaintiff is that some identifiable factual or legal nexus binds together the various claims of
13 the class members in a way that hearing the claims together promotes judicial efficiency
14 and comports with the broad remedial policies underlying the FLSA."  Gerlach v. Wells
15 Fargo & Co., 2006 WL 824652, at *2 (N.D. Cal. 2006) (Wilkin, J.).
16       A plaintiff need not submit a large number of declarations or affidavits to satisfy the
17 lenient standard under the first tier of the analysis.  Indeed, a handful of declarations may
18 suffice.  See, e.g., Gilbert v. Citigroup, Inc., 2009 WL 424320, at *2 (N.D. Cal. 2009)
19 (finding lenient standard met based on declarations from plaintiff and four other
20 individuals); Escobar v. Whiteside Constr. Corp., 2008 WL 3915715, at *3-4 (N.D. Cal.
21 2008) (finding lenient standard satisfied based on declarations from three plaintiffs);
22 Leuthold, 224 F.R.D. at 468-469 (finding lenient standard met based on affidavits from
23 three proposed lead plaintiffs).
24       The Court finds that Plaintiffs have made substantial allegations that the potential
25 collective action members were subject to the same policy that resulted in Defendant's
26 failure to pay them wages they were lawfully entitled to under the FLSA.  The allegations
27 in the SAC and the affidavits submitted by Plaintiffs indicate that the potential collective
28 action members held the same job position (i.e., store managers), were all classified as

1  overtime-exempt, and did not receive compensation for any hours worked beyond eight
2  hours per day or forty hours per week in violation of the FLSA.  See SAC ¶¶ 1, 4, 11-12,
3  75-78, 81; Pierce Decl. ¶¶ 2, 5, 8, Dkt. 27-2; Gould Decl. ¶¶ 2, 5, 8, Dkt. 27-3; Aviano
4  Decl. ¶ 3, Dkt. 27-4.  Accordingly, the Court finds that Plaintiffs have sufficiently shown
5  that the potential collective action members are "similarly situated" within the meaning of
6  the FLSA for purposes of conditional certification.  Based upon this showing, the Court
7  concludes that Plaintiffs have satisfied the "fairly lenient" standard required for conditional
8  certification of a collective action under the FLSA.  See Escobar, 2008 WL 3915715, at *3
9  (finding conditional certification warranted based on allegations in complaint and
10 statements in three declarations); Leuthold, 224 F.R.D. at 468 (same).

### b.  Proposed Notice and Claim Forms

In addition to determining whether conditional certification is warranted, Plaintiffs request that the Court facilitate notice of the pending action to potential collective action members so that they will have an opportunity to opt-in to (i.e., consent to join) this action. See McElmurry, 495 F.3d at 1139 (a district court has the discretion to authorize the named plaintiffs to send notice to all potential plaintiffs; noting that the district court has an interest in managing collective actions in an orderly fashion).  By monitoring the preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative so that potential class members can make an informed decision as to whether to join the lawsuit.  See Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 171-172 (1989).

In connection with the instant motion, Plaintiffs have submitted for the Court's approval two forms entitled "Notice of Pendency of Class/Collective Action and Proposed Settlement" and two proposed claim forms.  Salassi Decl., Exhs. D-G, 27-1.  The first notice form is addressed to persons employed by Defendant in California at any time between April 27, 2006 and the date of preliminary approval, i.e., the "California Class." Id., Exh. D.  The second notice is addressed to persons employed by Defendant in any state other than California at any time between February 18, 2008 and the date of preliminary approval, i.e., the "FLSA Class."  Id., Exh. E.  Although all members of the California

1  Class are also potentially members of the FLSA Class, the Court's analysis in this section
2  will be limited to the propriety of the FLSA Class Notice Form and FLSA Claim Form.
3  See id., Exhs. E, G.  The propriety of the California Class Notice Form and California
4  Claim Form will be addressed below.  See id., Exhs. D, F.
5     Plaintiffs request that the Court approve their proposed FLSA Class Notice Form
6  and proposed FLSA Claim Form (i.e., consent to join form), and then allow counsel to send
7  out these Court-approved forms to potential collective action members.  The Plaintiffs
8  propose mailing notice by first class mail to the last known address of potential collective
9  action members as identified by Defendant's employment records within twenty-one days
10 of the Court's preliminary approval of the settlement.  Plaintiffs also request that the Court
11 set a thirty-day period during which potential collective action members may opt-in.
12    The Court finds that the proposed plan to distribute the FLSA Class Notice Form
13 and FLSA Claim Form by mail to the last known addresses of potential collective action
14 members is a reasonable method calculated to reach all individuals who would be bound by
15 the settlement.  However, the Court does not approve of the thirty-day opt-in period.
16 Though opt-in periods vary, timeframes of sixty to ninety days appear to have become the
17 presumptive standard in this District.  See Sanchez v. Sephora USA, Inc., 2012 WL
18 2945753, at *6 (N.D. Cal. 2012) (Armstrong, J.) (citing cases).  Under the circumstances of
19 this case, the Court finds that a notice period of sixty days is appropriate.  See id.
20 (concluding that sixty-day notice period was appropriate in an action by employees against
21 their employer to recover unpaid overtime wages).
22    As for the content of the proposed FLSA Class Notice Form, the Court finds that the
23 form adequately describes the nature of the action, identifies the members of the collective
24 action to whom it is directed and the FSLA claim, summarizes the essential terms of the
25 settlement, provides instruction on how to participate in the suit (i.e., opt-in) and how to
26 challenge Defendant's employment records (which may affect a potential claimant's
27 monetary recovery), describes the consequences of doing nothing, informs the potential
28 collective action members how to obtain additional information about the litigation and

settlement, and provides information as to the final approval hearing. Accordingly, the Court approves the proposed FLSA Class Notice Form.

As for the proposed FLSA Class Claim Form, the Court finds that it allows eligible claimants a full and fair opportunity to submit a claim for a settlement payment. The form fairly, accurately, and reasonably informs potential claimants that they will not receive any share of the settlement fund if they fail to complete and submit a form within the time specified. Further, the form will provide an estimate of each potential collective action member's estimated recovery based on the number of workweeks worked, and clearly sets forth the procedures by which claimants can contest Defendant's records of their employment history, which may affect their monetary recovery under the settlement. The form also plainly states that if a claimant submits a claim form he or she will be bound by the judgment of the Court and will release Defendant from all wage and hour claims as specified in the Amended Settlement Agreement. Accordingly, the Court approves the proposed FLSA Claim Form.

### 2. Conditional Certification of Rule 23 Class Action

Where, as here, the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both [1] the propriety of the certification and [2] the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). In conducting the first part of its inquiry, the court "must pay 'undiluted, even heightened, attention' to class certification requirements" because, unlike in a fully litigated class action suit, the court will not have future opportunities "to adjust the class, informed by the proceedings as they unfold." Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997); accord Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). In conducting the second part of its inquiry, the "court must carefully consider 'whether a proposed settlement is fundamentally fair, adequate, and reasonable,' recognizing that '[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness. . . .' " Staton, 327 F.3d at 952 (quoting Hanlon, 150 F.3d at 1026).

1   Thus, a class action will only be certified if it meets the four prerequisites identified
2   in Rule 23(a) and additionally fits within one of the three subdivisions of Rule 23(b).
3   Amchem Prods., 521 U.S. at 614.  "The four requirements of Rule 23(a) are commonly
4   referred to as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or
5   just 'adequacy'), respectively."  United Steel, Paper & Forestry, Rubber, Mfg. Energy,
6   Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co., 593 F.3d 802,
7   806 (9th Cir. 2010).  Certification under Rule 23(b)(3) is appropriate where there are
8   common questions of law or fact that predominate and class resolution is superior to other
9   available methods.  Fed.R.Civ.P. 23(b)(3).  In addition, for any class certified under Rule
10  23(b)(3), Plaintiffs must demonstrate that the notice requirements of Rule 23(c)(2)(B) and
11  the requirements of Rule 23(e) are met.

12   Although a district court has discretion in determining whether the moving party has
13  satisfied each Rule 23 requirement, the court must conduct a rigorous inquiry before
14  certifying a class.  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1977); Ellis v.
15  Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011).  The parties cannot "agree to
16  certify a class that clearly leaves any one requirement unfulfilled," and consequently the
17  court cannot blindly rely on the fact that the parties have stipulated that a class exists for
18  purposes of settlement.  Berry v. Baca, 2005 WL 1030248, at *7 (C.D. Cal. 2005); see also
19  Amchem, 521 U.S. at 622 (observing that nowhere does Rule 23 say that certification is
20  proper simply because the settlement appears fair).

21                     a.      **Ascertainability**

22   "As a threshold matter, and apart from the explicit requirements of Rule 23(a), the
23  party seeking class certification must demonstrate that an identifiable and ascertainable
24  class exists."  Mazur v. eBay Inc., 257 F.R.D. 563, 567 (N.D. Cal. 2009).  "A class
25  definition should be precise, objective, and presently ascertainable."  Id. (citing O'Connor v.
26  Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998)).  "[A] class will be found to
27  exist if the description of the class is definite enough so that it is administratively feasible
28  for the court to ascertain whether an individual is a member."  O'Connor, 184 F.R.D. at

319. Here, because the settlement class can be ascertained through a review of Defendant's employment records, the Court finds that an identifiable and ascertainable class exists.

### b. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed.R.Civ.P. 23(a)(1); Hanlon, 150 F.3d at 1019 ("The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.' ").  The numerosity requirement is generally satisfied when the class is in excess of 40 members.  See Jordan v. Los Angeles County, 669 F.2d 1311, 1319 (9th Cir.1982) (finding that 39 individuals was likely sufficient on basis of number alone), vacated on other grounds, County of Los Angeles v. Jordan, 459 U.S. 810 (1982).  Here, because the potential settlement class is approximately 48 members, Aivano Decl. ¶ 3, the Court finds that the numerosity requirement is satisfied at this stage of the litigation.

### c. Commonality

Rule 23(a)(2) requires that "questions of law or fact [be] common to the class."  Fed.R.Civ.P. 23(a)(2).  The commonality requirement is construed permissively, meaning that "[a]ll questions of fact and law need not be common to satisfy the rule."  Hanlon, 150 F.3d at 1019.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  Id.  Here, the common issues identified by Plaintiffs that purportedly would have been examined if this case did not settle include whether Defendant's policies violated California wage and hour laws by depriving putative class members of overtime pay, compensation for missed meal and rest periods, accurate itemized wage statements, and compensation after termination.  Because the settlement class members were all store managers with the same job duties and subject to the same company policies, the Court finds that the commonality requirement is met.  See Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 633 (S.D. Cal. 2010) ("Plaintiffs have identified common factual questions, such as whether Defendants' policies deprived the putative class members of meal periods, rest periods, overtime pay, and reimbursement for installation tool expenses, and common

1  legal questions, such as Defendants' obligations under California Labor Code. . . .  These
2  commonalities are sufficient to satisfy Rule 23(a)(2).").

###     d.      Typicality

4  Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be]
5  typical of the claims or defenses of the class."  Fed.R.Civ.P. 23(a)(3).  "The purpose of the
6  typicality requirement is to assure that the interest of the named representative aligns with
7  the interests of the class."  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).
8  Here, there is no dispute that the injuries allegedly suffered by the representative Plaintiffs
9  are the same as those of the class; namely, they were not properly compensated for
10 overtime, missed meal and rest periods, or for pay due upon termination.  Nor were they
11 allegedly provided accurate itemized wage statements as required under California law.
12 Accordingly, the Court finds that the typicality requirement is met.  See Dilts, 267 F.R.D. at
13 633.

###     e.      Adequate Representation

15 Rule 23(a)(4) permits certification of a class action only if "the representative parties
16 will fairly and adequately protect the interests of the class."  Fed.R.Civ. P. 23(a)(4).  "To
17 determine whether named plaintiffs will adequately represent a class, courts must resolve
18 two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest
19 with other class members and (2) will the named plaintiffs and their counsel prosecute the
20 action vigorously on behalf of the class?"  Ellis, 657 F.3d at 985.  At this juncture, there is
21 no indication that Plaintiffs and their counsel have a conflict of interest with other class
22 members, or that Plaintiffs and their counsel will not vigorously prosecute this action on
23 behalf of the class.  Accordingly, the Court finds that the adequate representation
24 requirement is met.

###     f.      Rule 23(b)(3)

26 As noted, class certification under Rule 23 requires satisfying all four requirements
27 of Rule 23(a) as well as one of the three provisions of Rule 23(b).  Here, Plaintiffs propose
28 certification pursuant to Rule 23(b)(3), which requires the Court to find that: (1) "the

questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  These requirements are called the "predominance" and "superiority" requirements.  See Hanlon, 150 F.3d at 1022-1023.

Given that the settlement class members were all employed in the same position and subject to the same uniform policies regarding compensation and exemption, and given the nature of the claims alleged in this action, the Court finds that both components of Rule 23(b)(3) are satisfied.  See, e.g., Wright, 259 F.R.D. at 473 (finding predominance where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F.Supp.2d at 1065-1068 (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members); Gardner v. GC Servs., LP, 2011 WL 5244378, at *5 (S.D. Cal. 2011) (finding that Rule 23(b)(3) was satisfied where "the claims stem from GC Services' alleged uniform policy of requiring account representative to perform certain pre-shift, post-shift, and lunch time tasks without compensation. . . .").

### g. Class Notice

Under Rule 23(c)(2), "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  Fed.R.Civ.P. 23(c)(2)(B).  The notice must clearly and concisely state in plain, easily understood language: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3).  Id.

Under Rule 23(e), the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed.R.Civ.P. 23(e).  Under the reasonableness standard, the district court has considerable discretion in directing the form and manner of notice.  For the notice to be "reasonable" as required by Rule 23(e), the settlement notice must fairly inform the members of the class of the terms of the proposed settlement and of the options that are available to them in connection with the proceedings; the notice must also be capable of being understood by the average class member. McClellan v. SFN Group, Inc., 2012 WL 2367905, *5 (N.D. Cal. 2012) (Armstrong, J.). Notice must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.  Mendoza v. United States, 623 F.2d 1338, 1352 (9th Cir. 1980).  In order to satisfy due process considerations, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice by publication and mail has been found to be "clearly adequate."  Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d 956, 963 (3d Cir. 1983).

The Plaintiffs propose mailing the California Class Notice Form to the class members by first class mail within twenty-one days of the Court's preliminary approval of the settlement, which the Court finds satisfies the requirements of Rule 23.  The Court, however, finds that the content of the proposed notice form does not provide the best practicable notice under the circumstances.  The form does not fairly, accurately and reasonably inform class members of:  (1) the hybrid nature of this action, that is, clearly explain that California Class members are potentially members of the Rule 23 class action and the FLSA collective action; (2) the claims involved in this action; (3) the options that are available to California Class members in connection with the settlement, including how to participate or not participate in the Rule 23 class action and the FLSA collective action

aspects of the settlement; and (4) the consequences of opting-in to the FLSA collective action, opting-out of the Rule 23 class action, or doing nothing.³

Most notably, the proposed notice form is defective because it proposes an *opt-in* procedure with respect to the Rule 23 class action. See Salassi Decl., Exh. D. Based on the language contained in the proposed notice form, Plaintiffs request conditional certification of an "opt-in" Rule 23 class. The "Summary of Settlement" section of the form states that "[a] Settlement will only be paid to you if you submit a valid Claim Form." Id. (emphasis in original). That section further states that: "**If you do not submit a claim form**, you will not be eligible to receive a Settlement Award and you will still release Rosetta Stone and related entities from any and all claims related to your classification as an exempt employee under California law. . . . However, you will retain whatever rights you may have under the Fair Labor Standards Act." Id. (emphasis in original). The form also states in the "To Claim Your Settlement Award" section that "[t]o recover money from the Settlement, you *must* mail (postmark) the enclosed Claim Form to the Settlement Administrator . . ." Id. (emphasis in original).

Thus, if a California Class member does nothing in response to the proposed notice form, he/she will not receive a settlement payment and will release Defendant from any claims under California law. By requiring a California Class member to submit a claim form in order to be included in the Rule 23 class action, Plaintiffs propose a procedure whereby class members must take affirmative action to be included in the class, rather than including all class members who do not request exclusion. While it is clear that a California Class member must opt-in to participate in the FLSA collective action aspect of

---

³ The proposed notice form also does not sufficiently notify class members regarding the procedure for objecting to the settlement. The notice should indicate that objections must be mailed to the Court and to counsel of record for the parties and *post-marked* by the specified deadline; that the objection must state the objector's name and address, specify the title and case number of this case, and state the reasons for the objection. The notice also should state that any objector desiring to be heard at the fairness hearing must contemporaneously request permission to appear at the hearing, and that the objector will not be allowed to present any argument or comment at the fairness hearing unless he or she has timely objected to the settlement and accompanied said objection with a request to appear.

1 the settlement,[4] the Court finds that the opt-in requirement proposed by Plaintiffs with
2 respect to the Rule 23 class action aspect of the settlement violates Rule 23.
3       Unlike the FLSA, Rule 23 provides that once the district court certifies a class under
4 Rule 23, each member is part of the class and is bound by the court's judgment unless the
5 class member opts out by requesting exclusion from the class. See McElmurry, 495 F.3d at
6 1139.  "Rule 23(c) contains a so-called 'opt out' requirement, mandating that members of a
7 class certified under Rule 23(b)(3) be afforded an opportunity to 'request exclusion from
8 that class.' "  Estate of Kern v. Siemens Corp., 393 F.3d 120, 124 (2nd Cir. 2004) cert.
9 denied, 544 U.S. 1034 (2005).  "Not only is an 'opt in' provision not required, but
10 substantial legal authority supports the view that by adding the 'opt out' requirement to Rule
11 23 in the 1966 amendments, Congress *prohibited* 'opt in' provisions by implication."  See
12 id. at 124-125, n. 6 (noting that eminent authorities agree that "opt-in" provisions are
13 contrary Rule 23) (emphasis in original); see also Phillips Petroleum Co. v. Shutts, 472
14 U.S. 797, 812 (1985) (requiring class members to opt in is not mandated by due process
15 and would impede judicial efficiency); Clark v. Universal Builders, Inc., 501 F.2d 324, 340
16 (7th Cir. 1974) ("The requirement of an affirmative request for inclusion in the class is
17 contrary to the express language of Rule 23(c)(2)(b)"); Hypertouch, Inc. v. Superior Court,
18 128 Cal.App.4th 1527, 1544, 1550 (2005) (noting that the California rules regarding class
19 actions are analogous in many respects to Rule 23, and concluding that the imposition of an
20 "opt-in" requirement is conflicts with the applicable rules of court and undermines the
21 purpose of class actions).  The rationale for this rule is that requiring individuals to
22 affirmatively request inclusion in a class action would result in "freezing out the claims of
23 people . . . who for one reason or another, ignorance, timidity, unfamiliarity with business
24 or legal matters, will simply not take the affirmative step." Kern, 393 F.3d at 124.
25

---

[4] Section 216(b) establishes that each employee that wishes to join an FLSA collective action must opt into the suit by filing a consent to sue with the district court. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Based on well-settled authority, this Court will not approve the proposed opt-in procedure requested by Plaintiffs.  See Kern, 393 F.3d at 128 ("[i]n short, we cannot envisage any circumstances when Rule 23 would authorize an 'opt in' class in the liability stage of a litigation").  Accordingly, the Court does not approve of the proposed California Class Notice Form.  In addition to the defects regarding the procedure for objecting to the settlement, the proposed notice form fails to fairly, accurately and reasonably inform class members of the nature of this hybrid action, including the claims involved in the action, class members' options in connection with the settlement (i.e., how to participate or not participate in the settlement), and the consequences of exercising their right to opt-in to the FLSA collective action aspect of the settlement, opt-out of the Rule 23 class action aspect of the settlement, or do nothing.

The Court also has concerns with the California Class Claim Form.  The proposed claim form is defective because it requires class members to affirmatively opt-in to participate in the Rule 23 class action aspect of the settlement.  See Salassi Decl., Exh. F.  The form states that California Class members will not receive a settlement payment unless they complete the claim form and mail it to the Claims Administrator by the specified deadline.  Id.  The form also states that unless a California Class member opts-out, he/she will be bound by the judgment of the Court and will release Defendant from any and all wage and hour claims as specified in the proposed notice, including the FLSA claim.  See Salassi Decl., Exhs. D, F.  This procedure runs afoul of both Rule 23 and the FLSA.

Under the language of the proposed claim form, if a potential class member does nothing in response to the notice, the form indicates that the class member will not be part of the Rule 23 class action or the FLSA collective action and will release Defendant from all wage and hour claims, including the FLSA claim.  As noted above, under Rule 23, a class action member is part of the class and bound by the court's judgment unless the class member opts out by requesting exclusion from the class.  McElmurry, 495 F.3d at 1139.  By contrast, a potential FLSA collective action member is not bound by the court's judgment unless the individual affirmatively opts-in.  Id.  Finally, the Court finds that the

- 19 -

1  proposed claim form is defective because it fails to correctly describe the class members'
2  options under the settlement and the consequences of exercising their right to opt-in to the
3  collective action, opt-out of the class action, or doing nothing.
4      In light of the deficiencies identified above with respect to the California Class
5  Notice Form and Claim Form, the Court will not conditionally certify a Rule 23 class. As
6  such, the Court will not preliminarily approve the class action settlement. In the event
7  Plaintiffs elect to file a second amended motion for preliminary approval, the Court advises
8  Plaintiffs to modify their proposed notice and claim forms in a manner consistent with this
9  Order. In doing so, Plaintiffs should be mindful that having opt-in and opt-out claims in the
10 same case can be confusing for potential plaintiffs. As such, to avoid confusion, Plaintiffs
11 are advised to draft clear, concise, and legally accurate forms that, among other things,
12 describe in plain, easily understood language the nature of this hybrid action, the settlement
13 classes and the class claims, the options that are available to class members in connection
14 with this action, and the consequences of opting-in to the FLSA collective action, opting-
15 out of the Rule 23 class action, or doing nothing.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' amended motion for preliminary approval of class action settlement is DENIED without prejudice. Plaintiffs may file a second amended motion for preliminary approval of class action settlement consistent with this Order.

2. This Order terminates Docket 27.

IT IS SO ORDERED.

Dated: September 28, 2012

                                          *Saundra B. Armstrong*
                                          SAUNDRA BROWN ARMSTRONG
                                          United States District Judge